UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JORDAN,

      Plaintiff,               CIVIL ACTION NO. 07-10681
                                       06-14081
    vs.                       DISTRICT JUDGE SEAN F. COX
                              MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES POSTAL SERVICE,

      Defendant.

_____/


<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>: Defendant's Motion for Summary Judgment should be GRANTED,

as Plaintiff has failed to establish a prima facie case of disability discrimination since he is

not disabled for purposes of the Rehabilitation Act.

*   *   *

      Plaintiff filed a <u>pro</u> <u>se</u> complaint on February 15, 2007, alleging that the United

States Postal Service violated Title VII of the Civil Rights Act of 1964 ("Title VII") when it

failed to employ him as a temporary worker in late 2005, due to his depression[1]. Plaintiff

sought such relief as was appropriate, including injunctive relief, damages, costs and

attorney fees.

_____

      [1]Plaintiff filed a previous complaint in September 2006, alleging the United States
Postal Service violated the Civil Rights Act of 1964 when it failed to employ him due to his
depression (2:06-cv-14081). The complaint, however, was never served upon the
defendant. That case was consolidated with the instant action in March 2007, since they
both involved common questions of law and fact (Docket #7).

Defendant filed a Motion for Summary Judgment on September 27, 2007, asserting that Plaintiff was not disabled, as defined under the Rehabilitation Act, and that the Postal Service had a legitimate, non-discriminatory reason for not hiring him. Plaintiff filed a response to Defendant's Motion for Summary Judgment on November 8, 2007, claiming that he had previously worked for the Postal Service in 2002 without any problem. As a result, Plaintiff believed that he was "discriminated in the work place" when he was not hired in 2005. For the following reasons, I recommend that Defendant's motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative

evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

The Rehabilitation Act of 1973, 29 U.S.C. § 791, 794 and 794(a), not the Americans with Disability Act (ADA), constitutes the exclusive remedy for a prospective federal employee alleging disability-based discrimination. See 42 U.S.C. § 12111(5)(B)(I) (defining employers covered by the ADA, but excluding the United States or a corporation wholly owned by the U.S. government); Peltier v. United States, 388 F.3d 984, 989 (6th Cir. 2004). To recover on a claim of discrimination under the Rehabilitation Act, a plaintiff must show that: (1) he is a disabled person under the Act; (2) he is otherwise qualified for the position; and (3) he suffered an adverse employment action solely by reason of his disability. Gaines v. Runyon, 107 F.3d 1171, 1175 (6th Cir. 1997).

Where, as here, there is no direct evidence of discrimination, Plaintiff's Rehabilitation Act claim is analyzed under the three step burden shifting framework first described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-803 (1973). The initial burden rests with the plaintiff to establish a prima facie case of discrimination. Monette v. Elec. Data

Sys. Corp., 90 F.3d 1173, 1186 (6th Cir. 1996). If the plaintiff meets this initial burden, the employer need only articulate a legitimate nondiscriminatory reason for his actions. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Should the employer carry this burden, the plaintiff must prove, by a preponderance of evidence, that the proffered reason is a pretext for intentional discrimination. Dews v. A.B. Dick Corp., 231 F.3d 1016, 1021 (6th Cir. 2000).

In order to establish a prima facie case of disability-based discrimination under the Rehabilitation Act (the first step), Plaintiff must establish that he is disabled, that he was otherwise qualified for the job, that he suffered an adverse employment action, and that his employer had reason to know of his disability. Timm v. Wright State Univ., 375 F.3d 418, 423 (6th Cir. 2004). The ultimate inquiry, of course, is whether the employer intentionally discriminated against the worker. U.S. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983).

In the present case, Plaintiff cannot establish a prima facie case of discrimination based on disability. Under the Rehabilitation Act, an individual with a disability is defined as one who has a physical or mental impairment that substantially limits one or more of such person's major life activities. 29 U.S.C. § 705(9)(B); Doren v. Battle Creek Health Sys., 187 F.3d 595, 597 (6th Cir. 1999). Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. Bragdon v. Abbott, 524 U.S. 624, 638-639 (1998).

While the parties agree that Plaintiff suffers from depression (Complaint ¶10), merely having an impairment does not make one disabled for purposes of the Rehabilitation Act. Toyota Motor Mfg., Kentucky, Inc., v. Williams, 534 U.S. 184, 195 (2002). Rather, as

4

mentioned above, Plaintiff must demonstrate that his depression substantially limited one or more of his major life activities. Here, Plaintiff has not provided any evidence or, for that matter, even alleged, that any of his major life activities are substantially limited by his depression. Indeed, as pointed out by Defendant, treating physicians reported in November 2005, that Plaintiff was able to work without any restrictions or accommodations. (See Exhibits I & J, attached to Defendant's Motion for Summary Judgment). There is no evidence that Plaintiff was substantially limited in any major life activity. Because he is not disabled for purposes of the Rehabilitation Act, Plaintiff cannot establish a prima facie case of disability discrimination.

Even if Plaintiff had been able to establish a prima facie case of disability, he still would not be able to recover on a claim of discrimination under the Rehabilitation Act. Since there were no positions available at the time Plaintiff was medically cleared for work, the Postal Service had a legitimate, non-discriminatory reason for not hiring him as a casual employee in December 2005.

Under the Rehabilitation Act, an employer may not conduct a medical examination, or make inquires as to the job applicant's disability status, before a job offer is made. 42 U.S.C. § 12112(d)(2)(A). However, after a job offer has been made, but before the applicant starts working, the employer may require a medical examination. The employer can then condition the employment offer on the results of the medical examination, as long as all entering employees are subject to such an examination regardless of disability. 42 U.S.C. § 12112(d)(3); 29 C.F.R. § 1630.14(b).

The parties agree that Plaintiff was conditionally offered a Christmas Casual position on October 17, 2005 (Exh C). After a medical evaluation and follow-up interview, examiners

determined that Plaintiff suffered from depression (Exhibit F). In order to ascertain whether the depression precluded him from  performing the essential functions of the offered position, the Postal Service Medical Unit requested additional medical documentation from Plaintiff's treating physicians (Exhibit G).  Until such documentation was received, Plaintiff could not be cleared to begin work. (Exhibit B, ¶¶4-5).

Plaintiff's medical documentation was not received by the Postal Service Medical Unit until November 30, 2005 (Exhibits I&J). Although the Medical Unit promptly determined that Plaintiff was medically suitable to be hired as a casual employee on December 1, 2005, the Postal Service no longer had any casual positions available for the upcoming Christmas season (Exhibit B, ¶7).  As a result, Plaintiff was not rejected because of his impairment, but because all casual holiday positions were filled by the time he was medically cleared. (Exhibit B, ¶7-8).

Plaintiff has proffered no evidence to suggest that this legitimate, non-discriminatory basis for failing to hire him was a pretext.  Therefore, even if Plaintiff had been able to establish a prima facie case of disability, he still would not be able to recover on a claim of discrimination under the Rehabilitation Act.

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cox's acceptance thereof is waived.

<div style="margin-left: 40%;">

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

</div>

DATED: April 2, 2008

**CERTIFICATE OF SERVICE**

  I hereby certify on April 2, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 2, 2008. **David Jordan.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217